UNDERWOOD v. TOWN.

VENDOR AND PURCHASER—FRAUD — BOUNDARIES — EVIDENCE — DE-
  FENSES.

> In an action for the balance due on a land contract, where
>   the evidence of misrepresentation of the boundaries was
>   insufficient to furnish a basis for the finding of the jury,
>   the judgment of the court below for less than the amount
>   due will be set aside by the appellate court.

Error to Clare; Dodds, J. Submitted October 16,
1917. (Docket No. 145.) Decided March 28, 1918.

Assumpsit by J. Pratt Underwood, trustee, against
Frank W. Town on a land contract. Judgment for
plaintiff for less than amount claimed. Plaintiff brings
error. Reversed.

*Norris, McPherson, Harrington & Waer,* for ap-
pellant.

*John Quinn,* for appellee.

BIRD, J. Plaintiff sold on contract the south half of
the north half of section 5 in township number 20
north, range 5 west, Clare county, to one Asa C. Gray.
After making some payments thereon Gray sold and
assigned his interest therein to defendant Town. Town
defaulted in making the payments and plaintiff
brought this suit to recover the balance due thereon.
Under the general issue defendant gave notice, in sub-
stance, that he would attempt to recoup damages on
the trial by reason of plaintiff's misrepresentation of
the northern boundaries of said land; that the mis-
representations were made by plaintiff to Gray, and
that they consisted of statements as to where the north
line of the tract was located. That had the misrepre-
sented line been the true line the tract would have

included valuable timber and farm land, and that the tract which was described in the contract was worth very much less than it would have been had the north line been located where plaintiff represented it to be. Plaintiff introduced the contract in evidence and made proof of the amount due thereon and rested. Several witnesses were sworn in behalf of defendant and it is claimed that their testimony made an issue of fact for the jury as to whether said representations were made and as to what they were.

Plaintiff, at the close of the testimony, requested the court to direct a verdict in his behalf in the sum of $713.63, insisting that there was no testimony that plaintiff had made any false representations with reference to the boundaries, and that there was no testimony that any one acting for plaintiff had made such representations. This motion was denied and the question was left to the jury and they rendered a verdict for $350. Plaintiff has removed the proceedings to this court and makes the same claim here that he made in the trial court.

The testimony discloses that the plaintiff resides in the city of Chicago, and that Gray, the grantee, had no acquaintance with him and that he made no representations to Gray at any time concerning the boundaries of the land. The claim is, however, that other persons who had authority to act for the plaintiff made the representations, but we have been unable in our investigation of the record to find any testimony authorizing any one to act or to make representations for plaintiff concerning the land. In plaintiff's initial brief he challenges defendant to point out the testimony in the record which created an agency between the plaintiff and any person to act for him in the premises. Defendant, in response thereto, has this to say:

"As to the question of agency, proof of which plain-

tiff contends defendant failed to establish, we have to say: The witness Lowell Wright testified: 'I told Gray that these were the lines Atkins and I had run.' Further, he testified (referring to Mr. Atkins), 'I didn't know where he started; he told me he started from the section line south,' and again: 'I didn't show him the place on which to make the start in running his lines.'

"The witness John Cook testified:

" 'I got it from Mr. Underwood himself through the mails about the lines. He told me the lines were blazed out there plainly, and that I couldn't fail to find them if I would look, and I went over there and looked and I found them.' "

There is no testimony that either Lowell Wright or Atkins had any authority to run any lines or make any representations in relation to them and Atkins testified that he ran no lines. The testimony of the witness Cook was not competent. He was permitted to testify, under objection, as to the contents of a letter received by him from plaintiff without laying any foundation to make parol proof of its contents admissible, but even if we are to accept the testimony as competent it is of no force because he testified that he did not communicate the statement to Mr. Gray. It will be unnecessary to discuss the testimony further, as we are satisfied that there is no testimony in the record which would furnish a basis for the conclusion of the jury.

The judgment must be set aside and the case remanded to the trial court for further proceedings consistent with this opinion. The plaintiff will recover his costs.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.